UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| GLORIA BELLO BASSEY | : | CASE NO. 23-53017-wlh |
| | : | |
| Debtor | : | |
| | : | |
| AL TADAMON NATIONAL COMPANY FOR GENERAL TRADING & CONTRACTING CO., | : | |
| | : | ADVERSARY PROCEEDING NO. |
| Plaintiff, | : | |
| | : | _____ |
| v. | : | |
| | : | |
| GLORIA BELLO BASSEY, | : | |
| | : | |
| Defendant | : | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

COMES NOW Al Tadamon National Company for General Trading & Contracting Co. ("Plaintiff"), by and through undersigned counsel, and pursuant to Federal R. Bankr. P. 4007 and 11 U.S.C. § 523(c), hereby files this *Complaint to Determine Dischargeability of Debt* (the "Complaint"), showing as follows:

**Jurisdiction and Venue**

1. Gloria Bello Bassey ("Defendant") filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code on March 31, 2023. Defendant's Chapter 13 case was converted to one under Chapter 7 on April 17, 2023.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I), and Plaintiff consents to entry of final orders or judgments by this Court.

4. Defendant is subject to the jurisdiction of this and may be served at her residence at 1820 Parkades Path, Marietta, GA 30008 ("Defendant's Residence").

5. Venue is proper in this Court under 28 U.S.C. §1409 because this adversary proceeding arises under the Chapter 7 bankruptcy case of Defendant pending in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, Case No. 23-53017-wlh.

**Background**

6. Plaintiff operates a food delivery service located in Kuwait.

7. Plaintiff has been and continues to engage in business with its supplier, American Fine Food Corp. ("American Fine Food").

8. Defendant is a member and principal of Globel International, LLC ("Globel"), a Georgia limited liability company.

9. The records of Georgia's Secretary of State identify Defendant's Residence as Globel's principal office.

10. On September 2, 2021, Plaintiff received an email (the "Communication"), purportedly from its contact at American Fine Food, stating that (i) American Fine Food would be changing its name to American Fine Food Global International LLC, and (ii) due to an internal audit, Plaintiff was required to change the bank account it had on file with American Fine Food to a JPMorgan Chase bank account for outstanding and future wire payments.

11. On information and belief, the Communication was sent by Defendant, acting through Globel.

12. Plaintiff had no reason to suspect the Communication was not from its trusted supplier.

13. On September 6, 2021, Plaintiff wired a payment due and owing to American Fine Food in the amount of $212,301.72 (the "Funds") to an account at JP Morgan Chase Bank, N. A. ("JPMorgan Chase"). Plaintiff made the wire transfer through an exchange company, AL Ansari.

14. AL Ansari, through Burgan Bank, made the transfer of the Funds to JPMorgan Chase.

15. The JPMorgan Chase reference number for the wire was 0543453251FS.

16. Defendant and Globel identified Debtor's Residence as the address for JP Morgan Chase Bank.

17. Defendant and Globel, posing as American Fine Food, represented that they were unable to access the Funds and requested Plaintiff to recall the transfer and initiate a new transfer of the Funds to a different bank account.

18. Plaintiff, now on notice of potentially fraudulent activity, immediately contacted Burgan Bank and requested a recall of the transfer.

19. Burgan Bank repeatedly contact JPMorgan Chase to stop the transfer. However, on September 8, 2021, JPMorgan Chase replied that the Funds were credited to an account controlled by Defendant and Globel.

20. At the direction of Defendant, the Funds were subsequently disbursed to various parties, including Defendant.

## The Litigation

21. Plaintiff filed a complaint against Defendant and Globel in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. 21-022129 (03) (the

"Litigation'), alleging, among other things, fraudulent conduct and conversion on the part of Defendant and Globel that resulted in damage to Plaintiff in excess of $212,000.

22. On June 30, 2022, the Court in the Litigation entered a default judgment against Defendant and Globel.

## Count I
## (11 U.S.C. § 523(a)(2)(A))

23. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 22 as though set forth fully herein.

24. Defendant's representations to Plaintiff in the Communication were false.

25. Defendant's representations to Plaintiff in the Communication were known by Defendant to be false.

26. Defendant made the representations to Plaintiff in the Communication with the intent to deceive Plaintiff.

27. Plaintiff relied upon Defendant's representations in the Communication when it wired the Funds.

28. Plaintiff reliance upon Defendant's representations in the Communication was reasonable.

29. Plaintiff has been damaged as a result of Defendant's false representations, false pretenses, or actual fraud.

30. Accordingly, Plaintiff is entitled to an Order and Judgment excepting its debt from Defendant's discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

## Count II
### (11 U.S.C. § 523(a)(4))

31. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 22 as though set forth fully herein.

32. Defendant, individually and through Globel, took the Funds by fraudulently inducing Plaintiff to wire the Funds to JPMorgan Chase.

33. Defendant acted with the intent to convert the Funds or permanently deprive Plaintiff of the Funds.

34. Defendant's conduct amounts to larceny.

35. Accordingly, Plaintiff is entitled to an Order and Judgment excepting its debt from Defendant's discharge pursuant to 11 U.S.C. § 523(a)(4).

## Count III
### (11 U.S.C. § 523(a)(6))

36. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 22 as though set forth fully herein.

37. Defendant's conduct in procuring the Funds was deliberate and intentional.

38. Defendant intended to cause injury to Plaintiff by procuring the Funds.

39. Defendant's conduct was objectively and substantially certain to harm Plaintiff.

40. Defendant's conduct amounts to a willful and malicious injury to Plaintiff or the property of Plaintiff.

41. Accordingly, Plaintiff is entitled to an Order and Judgment excepting its debt from Defendant's discharge pursuant to 11 U.S.C. § 523(a)(4).

WHEREFORE, Plaintiff prays that this Court:

(i) Enter an Order and Judgment excepting Defendant's debt to Plaintiff from discharge;

(ii) Casting all costs against Defendant; and

(iii) Granting such other relief as is appropriate.

Dated: August 15, 2023

        LAMBERTH, CIFELLI,
        ELLIS & NASON, P.A.
        *Attorneys for Plaintiff*

        By: */s/ G. Frank Nason, IV*
            G. Frank Nason, IV
            Georgia Bar No. 535160
            fnason@lcenlaw.com

6000 Lake Forrest Drive, NW
Suite 435
Atlanta, Georgia 30328
(404) 262-7373