UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 23-53017-WLH |
| | : | |
| GLORIA BELO BASSEY, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |
| MICHAEL J. BARGAR, Chapter 7 Trustee, | : | |
| | : | |
| Objector/Movant, | : | |
| | : | |
| vs. | : | CONTESTED MATTER |
| | : | |
| GLORIA BELLO BASSEY, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**OBJECTION TO CLAIMED EXEMPTIONS**

COMES NOW Michael J. Bargar, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy

estate (the "**Estate**" or "**Bankruptcy Estate**") of Gloria Bello Bassey ("**Debtor**"), and files this

*Objection to Claimed Exemptions* ("**Objection**"), and respectfully shows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.  This

is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper in this Court under 28 U.S.C. §§

1408 and 1409.

**Background**

*a. General Background*

2.      Debtor initiated the underlying bankruptcy case (the "**Case**" or "**Bankruptcy Case**") by filing a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "**Bankruptcy Code**") on March 31, 2023 (the "**Petition Date**").

3.      On April 14, 2023, approximately two weeks after initiating the Bankruptcy Case, Debtor filed a request to convert the Case to a case under Chapter 7 of the Bankruptcy Code, and, on April 17, 2023, the Case was converted.

4.      Shortly thereafter, Trustee was appointed as the Chapter 7 trustee in this Case, and he remains in that role.

5.      Upon Debtor's filing her voluntary bankruptcy petition, the Bankruptcy Estate was formed, and it includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case. *See* 11 U.S.C. §§ 348 and 541(a)(1).

6.      Trustee first held the Section 341 meeting in this matter on May 18, 2023, and, after a continuation for the production of additional documents and information, he conducted and concluded the meeting of creditors under 11 U.S.C. § 341(a) on June 16, 2023.

*b. The Property*

7.       On April 14, 2023, Debtor filed her schedules of assets and liabilities [Doc. No. 13] (the "**Schedules**"), and she twice amended some of those Schedules along with her Statement of Financial Affairs.  [Doc. Nos 23 and 24].

8.      On her original Schedule A/B, Debtor scheduled an ownership interest in that certain real property with a common address of 1820 Parkades Path, SW, Marietta, Georgia 30008 (the

"**Property**").[1]  [Doc. No. 13 at page 10 of 45].  In a detailed search of the real estate records of Cobb County, State of Georgia (the "**Real Estate Records**"), Trustee has determined that Debtor solely owns the Property.  Debtor scheduled the Property with a value of $397,100.00, and she scheduled two claims secured by the Property: (a) a secured claim of $275,549.79 owing to Loandepot.com LLC; and (b) a secured claim of $212,521.50 owing to AL Tadamon National Company.  This same amount is referenced on Debtor's Amended Schedule D [Doc. No. 23 at p. 8 of 11].

9.      Sandra Lamberth, a licensed real estate agent, has visited the Property, and she estimates that it has a value of approximately $386,000.00.

### c.   Security Interests Against the Property

10.      As set out in her Schedule D, Debtor has granted two security interests in the Property.  Upon information and belief, the first position security interest secures a purchase money security interest Debtor granted to purchase the Property.  Upon information and belief, the balance of the debt secured by this security interest is approximately $275,000.00.

11.      Debtor granted the second position security interest (the "**Transfer**")[2] through a *Deed to Secure Debt, Security Agreement, Financing Statement, and Fixture Filing* (the "**Security Deed**"), which Debtor executed within 90 days of the Petition Date on January 3, 2023 to, upon information and belief, secure the repayment of an antecedent debt (the "**Debt**") owed by Debtor to AL Tadamon National Company for General Trading & Contacting Co. ("**AL Tadamon**").

---

[1]      For reasons unknown to Trustee, Debtor did not schedule the Property on her amended Schedule A/B.  *See* [Doc. Nos. 23 and 24].

[2]      Trustee asserts that he is able to avoid the Transfer and recover the interest in the Property transferred for the benefit of the Bankruptcy Estate under various provisions of Chapter 5 of the Bankruptcy Code

12.     Upon information and belief, the Debt has a balance of approximately $212,000.00. [Doc. No. 23 at page 8 of 11].

13.     The Security Deed was recorded in the Real Estate Records on January 20, 2023.

### Exemptions Claimed

14.     On her original *Schedule C: The Property You Claim Exempt* ("**Schedule C**"),[3] Debtor scheduled an exemption in the Property in the amount of $16,000.00 under O.C.G.A. § 44-13-100(a)(1) (the "**Homestead Property Exemption**").  [Doc. No. 13 at page 16 of 45].

### Trustee's Objections to Claimed Exemptions

15.     Under O.C.G.A. § 44-13-100(b), the State of Georgia has opted out of the federal exemption scheme and follows its own state-provided exemptions as set forth in O.C.G.A. § 44-13-100(a).  O.C.G.A. § 44-13-100(b).

16.     Under Rule 4003(b) of the Federal Rules of Bankruptcy Procedure, a Trustee and other parties have thirty (30) days from the conclusion of the Meeting of Creditors or within thirty (30) days after any amendment to the list or supplemental schedules is filed, whichever is later, to file any objection to exemptions (the "**Objection Period**").  Fed. R. Bankr. P. 4003.

17.     On August 15, 2023, the Court entered an order [Doc. No. 50], extending the Objection Period through and including August 16, 2023.

18.     This Objection is timely filed within the Objection Period.

---

[3]     On her amended Schedule C [Doc. No. 23 at page 7 of 11], Debtor failed to include an exemption in the Property.  Trustee files this objection out of an abundance of caution in the event Debtor claims that her Homestead Property Exemption was not withdrawn through this amendment.

19.     Under O.C.G.A. § 44-13-100(a)(1), a debtor may exempt her aggregate interest, not to exceed $21,500.00 in value, in real property that the "debtor or a dependent of the debtor uses as a residence . . . ." (the "**Homestead Exemption**").  O.C.G.A. § 44-13-100(a)(1).

20.     Under applicable Georgia law, "aggregate interest" means the "unencumbered portion of the property" such that if a property is fully encumbered, a debtor may not claim an exemption in it.   *Wallis v. Clerk, Superior Court of DeKalb County*, 166 Ga. App. 775, 305 S.E.2d 639, 641 (Ga. App. Ct. 1983); *see also Hunter v. Dean Witter Fin. Servs. (In re Hunter)*, 1994 Bankr. LEXIS 2393 (Bankr. S.D. Ga. 1994) at * 14 ("Thus, economic equity is a pre-requisite to a claim of exemption under Georgia law"); *In re Moyer*, 39 B.R. 211 (Bankr. N.D. Ga. 1984).

21.     In *In re Bland,* 793 F.2d 1172 (11th Cir. 1986), the Eleventh Circuit held that the *Wallis* decision was not relevant under circumstances where a lien could be avoided by the Debtor (such as, in the *Bland* case, a nonpossessory, nonpurchase-money security interest in personal property).  In the case at bar, however, AL Tadamon may have originally only held a judicial lien, but the Debtor granted AL Tadamon a consensual lien by way of the Transfer.[4]

22.     Since the Debtor is entitled to claim a homestead exemption only from her "aggregate interest" in real property, since Debtor cannot avoid the liens on the Property which she granted by consent, and since those liens exceed the value of the Property, Debtor has no aggregate interest in the Property against which to assert her claimed homestead exemption.

23.     For the foregoing reasons, Trustee objects to the Homestead Property Exemption, and Trustee requests that it be disallowed.

---

[4]     As stated previously in footnote 2, Trustee asserts that he can avoid the lien resulting from the Transfer using his powers under Chapter 5 of the Bankruptcy Code, but the Debtor cannot avoid the lien resulting from the Transfer under Section 522(f) of the Bankruptcy Code, and she may not claim an exemption under Section 522(g) because the Transfer was a voluntary transfer.

24.     Trustee objects to all other exemptions claimed to the extent that they exceed the allowable exemptions under O.C.G.A. §44-13-100(a).  Moreover, this Objection shall be a continuing objection in anticipation of any amendments that may or may not resolve this original Objection, without the need for filing new objections.

WHEREFORE, having filed this Objection, the Trustee prays that the Court sustain the Objection and that the Court grant Trustee such other and further relief as the Court deems just and proper.

Respectfully submitted this 16th day of August, 2023.

ROUNTREE LEITMAN KLEIN & GEER, LLC
*Attorneys for Trustee*

By: */s/ Michael J. Bargar*
      Michael J. Bargar
      Georgia Bar No. 645709
      mbargar@rlkglaw.com

Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
404-410-1220

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 23-53017-WLH |
| | : | |
| GLORIA BELO BASSEY, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |
| MICHAEL J. BARGAR, Chapter 7 Trustee, | : | |
| | : | |
| Objector/Movant, | : | |
| | : | |
| vs. | : | CONTESTED MATTER |
| | : | |
| GLORIA BELLO BASSEY, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that Michael J. Bargar, the Chapter 7 Trustee (the "**Trustee**"), has filed an *Objection to Claimed Exemptions* (the "**Objection**") seeking an order disallowing the Debtor's claimed exemption in her real property.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Objection at **10:30 a.m. on September 19, 2023 in Courtroom 1403**, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

Your rights may be affected by the Court's ruling on this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.). If you do not want the Court to grant the relief sought in this pleading or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written

response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two (2) business days before the hearing. The address of the Clerk's Office is: Suite 1340 Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303. You must also mail a copy of your response to the counsel for the Trustee, Michael J. Bargar, Rountree Leitman Klein & Geer LLC, Century Plaza I, 2987 Clairmont Road, Suite 350, Atlanta, GA 30329.

Dated: August 16, 2023.

<div style="margin-left: 40%;">

ROUNTREE LEITMAN KLEIN & GEER, LLC
*Attorneys for Trustee*

By: */s/ Michael J. Bargar*
    Michael J. Bargar

</div>

Century Plaza I               Georgia Bar No. 645709
2987 Clairmont Road, Suite 350   mbargar@rlkglaw.com
Atlanta, Georgia 30329
404-410-1220

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing *Objection to Claimed Exemptions* and *Notice of Hearing* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Julian T. Cotton
BKECF@Padgettlawgroup.com
Julian.Cotton@Padgettlawgroup.com
robin.lindsey@padgettlawgroup.com
Tiffany.Linen@padgettlawgroup.com
angelica.reyes@padgettlawgroup.com

Ian M. Falcone
legalassistant@falconefirm.com

G. Frank Nason
fnason@lcenlaw.com, NasonFR86494@notify.bestcase.com;rstuder@lcenlaw.com

Office of the United States Trustee
ustpregion21.at.ecf@usdoj.gov

This is to further certify that I have this day served the *Objection to Debtor's Claimed Exemptions* and *Notice of Hearing* by first class, United States mail, with postage prepaid fully thereon, to the following parties:

Gloria Bello Bassey
1820 Parkades Path
Marietta, GA 30008

This 16th day of August, 2023.

/s/ Michael J. Bargar
Michael J. Bargar
Georgia Bar No. 645709